UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

TRISTAN WHITE

      Plaintiff,

V.                                                           CIVIL ACTION NO

NATIONAL COLLECTION SYSTEMS INC.
D/B/A NATIONAL CREDIT MANAGEMENT

.

Defendant.                                      MARCH 4, 2015

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Bethesda, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant is a collector within the MCDCA.

7. Defendant is a collection agency engaged in the business of collecting debts in the State of Maryland with a principal place of business located at10845 Olive BLVD, Suite 210, St. Louis, MO 63141.

8. Defendant and is authorized to do business in Maryland. The principal purpose of Defendant business is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant communicated with Plaintiff one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt.

10. The Plaintiff received a collection letter from the Defendant attempting to collect a consumer debt that was for personal, family or household use.

11. Defendant communicated with plaintiff by letter dated January 2, 2015 in connection with collection efforts with regard to plaintiff's disputed personal debt. *See Exhibit No. "1."*

13. The Fair Debt Collection Practices Act §1692g (3) requires and refers to the (30) day period beginning, one day after the consumer debtors receipt of the collection letter. *See* 1692g (3) "a statement that unless the consumer, within thirty days **after receipt of the notice**, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

14. Defendant in its collection letter dated January 9, 2015 (Exhibit "1") advised the Plaintiff pursuant to §1692g (4) that "If you notify this office in writing <u>within 30 days from receiving this notice</u>, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."

15. Defendant shortened the validation period by one day and violated 1692g (4), which requires "a statement that if the consumer notifies the debt collector in writing <u>within the thirty-day period</u> that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

16. Defendant in its collection letter (Exhibit "1") advised the Plaintiff pursuant to §1692g (5) that "If you request of this office in writing within 30 days <u>after receiving</u> this notice this office will provide you with the name and address of the original creditor if that is different from the current creditor."

17. Defendant's §1692g (5) notice is correctly stated but inconsistent with the other provisions of §1692g (3) and (4) and thus likely to confuse the least sophisticated consumer.

18. In the Fourth Circuit the question of whether the communication complies with the FDCPA is determined from the prospective of the "least sophisticated

consumer." Defendant has a legal obligation under the Fair Debt Collection Practices Act to not only provide the information, included in §1692g but to provide it clearly. In this case, the least sophisticated consumer is not simply uncertain of his rights under the statute; he is completely unaware of them.

19. Plaintiff disputed the debt and received an itemized bill, which is inconsistent with the initial collection letter dated January 9, 2015(see exhibit 1) and its second collection letter dated February 19, 2015.

20. Defendant's second collection letter dated February 19, 2015 (See Exhibit 2) states Total Balance $21, 203.70.

21. Defendant's second collection letter dated February 19, 2015 states Interest of $0.00.

22. Defendant's second collection letter dated February 19, 2015 states Collection Costs $0.00.

23. Defendant's second collection letter dated February 19, 2015 states Late Fees $0.00.

24. The Defendant's itemization attached states there is a fiancé charge of $86.01 which has been added every month on or about the last day of the month for over 5 years. (2009-2015). The statement that the interest charge is $0.00 is false, deceptive and misleading and violates §1692e.

25. The Defendant's itemization, attached to the collection letter states there is a Collection Cost of $3,948.84 entered on 12-30-2014. The statement that the Collection Costs is $0.00 is false, deceptive and misleading and violates §1692e.

26. Defendants initial collection letter dated January 9, 2015 states the amount due is $21,203.70.

27. Defendants second collection letter dated February 19, 2015, which included an itemization, states the amount due is $21, 203.70.

28. Defendant advised the Plaintiff that he owed two different amount of debt in violation of §1692e (2) (A). The false representation of the character, amount or legal status of any debt.

29. Defendant stated on the bottom of the itemization letter the amount owed was actually **$21, 289.71** not the amount that was stated on the second collection letter or cover letter of the itemization, which stated the Amount Due was **$21,203.70.**

30. Plaintiff called the Defendant on March 4, 2015 and spoke to a collection agent who identified herself as Karen Adams.

31. Plaintiff contacted the Defendant after reviewing the itemization and asked about the collection fee and was advised it was part of the contract with the creditor and consisted of Court Costs and Attorney Fees.

32. This statement is false, deceptive and misleading as there is no court case and no attorney has done any motion practice or worked on this alleged delinquent account.

33. Plaintiff also stated he was advised the telephone call was recorded by Defendants collection agent Karen Adams and request the Defendant to preserve this electronic evidence as it will become part of the basis of Plaintiff's claims at time of trial.

34. Defendant does not have procedures in place to avoid the above stated FDCPA violations.

35. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e, f and g.

## SECOND COUNT

36. The allegations of the First Count are repeated and realleged as if fully set forth herein.

37. Within three years prior to the date of this action, Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq., including but not limited to making false, deceptive and misleading statements in violation of §1692e and shortening the dispute period in violation of §1692g.

**WHEREFORE Plaintiff respectfully requests this Court to:**

1. Award Plaintiff statutory damages pursuant to the FDCPA.

2. Award Plaintiff statutory damages pursuant to MCDCA

3. Award Plaintiff costs of suit and a reasonable attorney's fee.

4. Award such other and further relief as this Court may see fit.

                                              THE PLAINTIFF
BY /S/Bernard T. Kennedy
Bernard T. Kennedy, Esq.
The Kennedy Law Firm
34 Rogers Street, Suite A
Blairsville, GA 30512
Phone 706-400-2650
bernardtkennedy@yahoo.com